### KILPATRICK v. JAMES et al.

No. 23681.　Feb. 26, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Oct. 1, 1935.

Claud Briggs, for plaintiff in error.

J. W. Callahan and C. R. Hunt, for defendant in error C. R. Hunt.

BUSBY. J. This action was commenced in the district court of Latimer county, Okla., on January 2, 1924, by Garnet A. Kilpatrick to foreclose a mortgage covering the undivided three-fifths interest of certain Indian minors in and to certain lands located in Latimer county, against certain other defendants, whose interests in the case have since been settled, and against C. R. Hunt. For the purposes of this opinion only the interests of Kilpatrick and Hunt are necessary to be considered. The parties will be referred to as they appeared in the trial court.

Plaintiff Kilpatrick alleged that in 1921, at the instance and request of C. R. Hunt, who, at that time, was the county judge of Latimer county, he, Kilpatrick, loaned $1.000 to O. O. Dollins, guardian for said Indian minors; that the purpose of the loan was to take care of certain expenses and obligations of said minors, one of the principal items of which appears to be certain doctor and hospital bills and expenses incurred on behalf of Rosa James, one of the minors. Incidentally, the sum of $453 was charged by plaintiff Kilpatrick and his brother for operating on Rosa James about nine days before the execution of the loan. Hospital bills added thereto made a total of $708 charged.

A curious intermingling of interests appears to exist as between these minors, the plaintiff Kilpatrick, and defendant Hunt. At the time the mortgage was executed Kilpatrick lived in Hunt's home; as county judge, Hunt had jurisdiction over the probate matters involving the guardianship of these minors, as well as the administration of their real property interests. Kilpatrick charges that Hunt, while county judge, solicited him to make this loan. After the loan was made, Hunt, over a period of several years and subsequent to 1921, procured deeds of conveyance to himself of said minors' interests. Kilpatrick was a physician and surgeon, as was his brother, Dr. George A. Kilpatrick.

The loan was made by plaintiff, Dr. Garnet A. Kilpatrick, who received therefor a note secured by mortgage on the undivided interests of these minors. He profited indirectly from the loan he made by the collection of fees due him from Rosa James.

While the petition in the case seeks to foreclose this mortgage, in the alternative it is asked by the plaintiff that personal judgment be rendered in his favor against C. R. Hunt for damages based upon Hunt's alleged fraud and deception in the matter of soliciting said loan. It is asserted that Hunt fraudulently stated that the security therefor was ample and that the making of the mortgage and note by the guardian was legal in every respect. As county judge, Hunt ordered the making of said loan and the execution of the mortgage and note by the guardian.

Defendant answered by general denial and alleged that the order of the court authorizing the guardian to mortgage the lands described in the mortgage sought to be foreclosed exceeded the power of the court and is therefore void; that the county judge was without jurisdiction to make an order authorizing the said guardian to mortgage the lands and property of said minors, there being then and there no debts which were existing liens on said real estate.

At the conclusion of plaintiff's evidence defendants demurred thereto; the court sustained the demurrer, and plaintiff now appeals to this court.

Section 1267, O. S. 1931, in part, reads as follows:

"The county judge may, upon verified petition * * * grant authority to the administrators or executors of the estate of deceased persons or to the guardians of the estates of minors, * * * to enter into contracts for and to renew or extend the time of payment of any mortgage or lien upon the real estate of such estate or ward, * * * provided that in no case shall such authority be granted to mortgage, or contract for the renewal or extension of any mortgage for an amount greater than may be necessary to pay liens existing at the time such order is granted, including principal, inter-

est, taxes and such reasonable expense as may be incident to perfecting such renewal, extension or new mortgage."

This court has several times passed upon the power and authority of county courts to authorize the execution of a mortgage by the guardian of his ward's real estate. One of the more recent cases is that of Glover v. Warner, 135 Okla. 177, 274 P. 867. In that case the county court authorized and ordered the guardian to mortgage the ward's real estate to raise money with which to pay certain delinquent taxes. In passing on the question involved, this court held that the county court exceeded its authority in directing the execution of that mortgage. In the opinion a distinction was made between involuntary liens, such as delinquent taxes, and contractual liens, such as existing mortgages. It was further held that in the execution of mortgages as renewals or extensions, under section 9724, Comp. St. 1921, an additional amount might be included for taxes and costs incident to perfecting the renewal of the mortgage.

The court in the above case cited with approval the case of Yawitz v. Hopkins, 70 Okla. 158, 174 P. 257, and quoted therefrom as follows:

"Under section 6364, Rev. Laws 1910, the county judge is without jurisdiction to make an order authorizing the guardian to execute a mortgage or other instrument creating a lien upon the property of his ward, except as security for the then existing debts and liabilities for which such estate or any part thereof is then legally liable to be ordered sold."

In the case of Fowler et al. v. Humphrey Inv. Co., 142 Okla. 221, 286 P. 867, the third paragraph of the syllabus is as follows:

"A mortgage of the real property of a minor made by a guardian without the authority of the county court within the limits of the law authorizing such a mortgage is an absolute nullity."

We therefore hold that the mortgage in this case executed by O. O. Dollins, guardian, pursuant to the order of C. R. Hunt, county judge, was prohibited by the terms of section 1267, O. S. 1931, and was void.

The next question to be considered is whether or not the plaintiff Kilpatrick is entitled to recover damages from Hunt by reason of Hunt's alleged fraudulent representations, that is, that the security offered was ample and that the transaction was legal and regular in every respect, by reason of which plaintiff says he was induced to make the loan. If plaintiff is entitled to damages against defendant, it must be based upon some actionable wrong of the defendant, to which the plaintiff himself was not a party. Of what wrong is the defendant Hunt guilty in which the plaintiff is not also concerned? If Hunt made the representations to plaintiff as alleged and Kilpatrick was thereby led to make a loan, from which he indirectly profited, then both Kilpatrick and Hunt are guilty of conspiring to defeat the terms of section 1267, O. S. 1931, supra. Kilpatrick, a learned man in the medical profession, at least, apparently made no effort to ascertain the legality of the transaction; he says he relied solely on the legal advice of Hunt, the county judge, who, in thus dealing with the affairs of these minors, was acting in his judicial capacity, requiring the exercise of judicial discretion. Hunt prepared the mortgage and approved the same. Plaintiff's ignorance of the law, that is, the inhibitions and limitations upon the powers of the county judge to order the execution by a guardian of a mortgage upon his ward's real estate, cannot excuse him, even assuming that he was ignorant of those inhibitions.

Hunt acquired the interests of these minors after relinquishing the office of county judge, in which office it was his sacred duty to protect the interests of these same minors. The record discloses that during the trial of this action, Hunt executed a deed to the minors for a portion of the lands by way of settlement, which settlement was approved by the trial court.

As between plaintiff and defendant the record shows that plaintiff lived at the home of defendant Hunt at the time of making this loan; they were in frequent conference during its preliminary stages; plaintiff, as physician and surgeon, together with his brother doctor, secured a goodly portion of the proceeds of this loan in payment for their professional services; just how far both plaintiff and defendant strayed from the path of fair dealing in handling the affairs of these minors we are unable to say. But from this record our deductions are that neither plaintiff nor defendant was primarily interested in protecting the financial interests of these minors.

Under these circumstances, this court will not lend its aid in adjusting the differences arising between the parties based upon such questionable rights; it will leave the parties where it found them. The action of the

trial court in sustaining the demurrer to plaintiff's evidence is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.